

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-70,722-02

### IN RE TILON LASHON CARTER, Relator

## ORDER TO APPEAR AND SHOW CAUSE FOR UNTIMELY FILED DOCUMENTS IN TILON LASHON CARTER'S CASE FROM CAUSE NO. 949973D IN THE 371ST JUDICIAL DISTRICT COURT TARRANT COUNTY

*Per curiam.*

## O R D E R

In November 2006, a jury convicted Tilon Lashon Carter of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set Carter's punishment at death.[1] This Court affirmed Carter's conviction and sentence on direct appeal. *Carter v. State*, No. AP-75,603 (Tex. Crim. App. Jan. 14, 2009)(not designated

---

[1] References to Articles refer to the Texas Code of Criminal Procedure unless otherwise noted.

for publication). The Court also denied relief on Carter's initial application for a writ of habeas corpus. *Ex parte Carter*, No. WR-70,722-01 (Tex. Crim. App. Dec. 15, 2010)(not designated for publication).

In June 2016, after the denial of relator's federal writ application, the State moved the convicting court to set an execution date. On September 12, 2016, the convicting court issued an order setting relator's execution date for February 7, 2017. Also on September 12, judicial staff counsel emailed relator's counsel and counsel for the State and informed them that relator's execution had been set for February 7, 2017. On September 15, around noon, the Office of Capital and Forensic Writs (OCFW) received email notice that relator's execution date had been set for February 7, 2017.

In January 2017, less than two weeks before relator's scheduled execution, counsel filed in the trial court a motion to modify or withdraw relator's execution date due to a defect in the notice to the OCFW required by Article 43.141(b-1). The State responded in opposition to the motion on January 27, and counsel filed a reply to the response on the same day. On January 30, the judge adopted the State's findings and conclusions and denied relator's motion. On January 31, counsel filed in this Court a motion for leave to file a petition for a writ of mandamus, a petition for a writ of mandamus, and a motion to stay relator's execution.

This Court's Miscellaneous Rule 11-003 provides in pertinent part:

A motion for stay of execution, or any other pleading relating to a death sentence, must be filed in the proper court at least seven days before the

date of the scheduled execution date (exclusive of the scheduled execution date). A pleading shall be deemed untimely if it is filed in the proper court fewer than seven days before the scheduled execution date.

\* \* \*

Counsel who seek to file an untimely motion for a stay of execution or who wish to file any other untimely pleading requesting affirmative relief in an impending execution case, must attach to the proposed filing a detailed explanation stating under oath, subject to the penalties of perjury, the reason for the delay and why counsel found it physically, legally, or factually impossible to file a timely request, motion, or other pleading. Counsel is required to show good cause for the untimely filing.

\* \* \*

Counsel who fails to attach a sworn detailed explanation to an untimely filing or who fails to adequately justify the necessity for an untimely filing shall be sanctioned.

To be timely under the rule, any pleadings filed on relator's behalf should have been filed by the end of the day on Monday, January 30. Because the pleadings filed in this Court were not filed by that time, they were untimely under the rule. In accordance with the rule, counsel filed a Miscellaneous Rule 11-003 statement with his pleadings.

In his Rule 11-003 statement, counsel asserted that Miscellaneous Rule 11-003 does not apply in the current circumstance. He noted that, on January 26, 2017, he filed in the trial court a motion to modify or withdraw relator's execution date, which the trial court thereafter denied on January 30. Then he filed the motion for leave to file the mandamus petition, the mandamus petition, and the motion to stay in this Court the next day, January 31. Counsel now contends that, because he filed the motion to modify or withdraw the execution date in the trial court "at least seven days before the date of the scheduled execution date," then his pleadings were not untimely filed.

Before we take any action pursuant to Miscellaneous Rule 11-003, we want to hear from counsel in person. Therefore, we order Robin Norris to appear before this Court at 9:00 a.m. on Wednesday, March 1, 2017, to offer further explanation and address any questions propounded by the Court about the matter.

It is further ordered by this Court that the Clerk of this Court shall issue Notice to Appear and Show Cause commanding Robin Norris to appear and show cause, in the manner and within the time specified in this order, why counsel should not be sanctioned by this Court for failing to adequately justify the untimely filings. A copy of this Order shall accompany the Notice.

IT IS SO ORDERED THIS THE 15th DAY OF FEBRUARY, 2017.

Do not publish